IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 20, 2014 Session

## BLAIN STEVEN COVERT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Campbell County**
**No. 15983     E. Shayne Sexton, Judge**

_____

**No. E2013-02531-CCA-R3-PC - Filed September 2, 2014**

_____

THOMAS T. WOODALL, J., dissenting.

I would affirm the judgment of the post-conviction court and therefore respectfully dissent from the majority opinion.

The trial court implicitly found that Petitioner was credible when he testified that he never told trial counsel that he was guilty and that he had always maintained he was innocent of the charges. Also, the trial court implicitly concluded that Petitioner was prejudiced by trial counsel's deficient performance by losing his opportunity for a trial - i.e. absent trial counsel's deficient performance, Petitioner would not have pled guilty but would have insisted on going to trial on all twenty-seven charges in the indictment.

The factual findings of the trial court in a post-conviction hearing *are conclusive on appeal*, except where the evidence in the record preponderates against them. *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009); *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). As stated by our supreme court in *Mobley v. State*, 397 S.W.3d 70, 80 (Tenn. 2013), appellate courts,

> generally defer to a [trial] court's findings [in a post-conviction matter] with respect to witness credibility, *the weight and value* of witness testimony, and the resolution of factual issues presented by the evidence.

*Id*. (citing *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999).

An appellate court cannot make a contrary finding of fact based solely upon the cold record without seeing the witnesses or hearing the testimony in person. Lay witness

testimony of Petitioner's mental health problems persuaded the trial court that mental health difficulties existed, and in conjunction with Petitioner's continued assertions of innocence, warranted post conviction relief.  Whether members of this Court might have denied relief *if* we sat as the trial court is irrelevant in the context of credibility of witnesses.  If well settled law which grants great deference to the trial court in post-conviction proceedings means anything, then the judgment of the trial court in this case must be affirmed.  The State asserts that prejudice was not proven because Petitioner failed to show that, if not for trial counsel's deficient representation, Petitioner would not have pled guilty and would have insisted on a trial.  I disagree.  Petitioner's testimony and the testimony of Petitioner's father established this proof of prejudice.

Accordingly, I would affirm.

_____
THOMAS T. WOODALL, JUDGE